804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Noel S. HARREN, Plaintiff-Appellant,
v.
Nathan RICE, Jr., Warden, Rufus L. Edmisten, Attorney
General of North Carolina, Defendant-Appellee.
 No. 86-6666.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 17, 1986.
Decided Nov. 5, 1986.
 
 Noel S. Harren, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General, for appellees.
 W.D.N.C.
 AFFIRMED.
 Before SPROUSE and ERVIN Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Noel Harren, a North Carolina inmate, appeals the dismissal of this civil action seeking trial-related materials. Harren initially filed a habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. The district court, noting that Harren was not seeking the ordinary relief of release from custody, correctly construed Harren's petition as a Sec. 1983 complaint.
 
 
 2
 Harren submitted a rather lengthy list of documents he alleged he needed in order to prepare for his post-conviction attack on his state convictions. The state of North Carolina complied as best it could to Harren's request. The district court dismissed Harren's complaint, finding that Harren had received all of the relief to which he was entitled. The court denied Harren's Fed.R.Civ.P. 59 motion for reconsideration. Harren in his motion argued that his request for a declaratory judgment that an indigent petitioner is entitled to trial-related materials at public expense had not been adequately addressed by the court.
 
 
 3
 We find that Harren is not entitled to declaratory relief. An actual controversy must exist which warrants the issuance of declaratory relief. Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 506 (1972). The parties must have " 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " Id. at 506 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Harren received all that he asked for, and no controversy remains which might warrant a declaratory judgment addressing an indigent's right to transcripts and other trial materials.
 
 
 4
 The district court properly dismissed Harren's case. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.